[933 NE2d 200, 906 NYS2d 802]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN S. KING, Appellant.

Argued June 3, 2010; decided June 29, 2010

APPEARANCES OF COUNSEL

*Michael M. Mohun,* Cowlesville, for appellant.

*Lawrence Friedman, District Attorney,* Batavia (*William G. Zickl* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of County Court should be reversed, defendant's motion to suppress granted and the case remitted to Batavia Town Court for further proceedings on the accusatory instruments.

County Court's findings that "the police had no cause to initially stop" defendant and that "it cannot be concluded that defendant stopped voluntarily" have support in the record and are therefore beyond this Court's further review. Accordingly, any evidence flowing from the stop must be suppressed.

SMITH, J. (dissenting). The majority's three-sentence memorandum makes it appear as though deference to findings below

that are "beyond this Court's further review" requires us to reverse the lower courts' rulings. But those findings are quoted out of context. I think the facts found below require us to affirm.

Defendant and a friend were traveling together on their motorcycles. A state police officer saw that the friend's motorcycle had a burned out tail light, and flashed his emergency lights. Presumably neither driver could tell which motorcycle the officer was flashing his lights at, but when defendant's friend turned onto another street, the officer followed him; defendant stopped where he was, apparently waiting to see what happened to his friend.

Both the officer and defendant's friend returned to where defendant was waiting, and defendant remained in that area for some time, without being told either to stay or to leave. The police officer was joined by others, one of whom noticed that defendant appeared to be intoxicated. Defendant was asked to perform several sobriety tests, which confirmed his intoxication, and he was arrested.

As far as I can deduce from the majority memorandum, these facts are the basis for its conclusion that "any evidence flowing from the stop must be suppressed" (majority op at 737). The conclusion makes no sense to me. I see no indication in this record that any police officer did anything wrong—and indeed, County Court found that "the police officer committed nothing illegal or unreasonable" in stopping defendant's friend's motorcycle. County Court did, as the majority says, find that defendant did not stop "voluntarily," but it clearly did not find that the officer intentionally detained him. At most, the stop was involuntary in the same way that it would be if defendant had been stopped by a flat tire—or, to use County Court's own analogy, if he had been a passenger in a motor vehicle that was stopped because of a traffic infraction by the driver. No right of defendant's was violated, and there is no reason to suppress the evidence against him.

Chief Judge LIPPMAN and Judges CIPARICK, PIGOTT and JONES concur in memorandum; Judge SMITH dissents and votes to affirm in a separate opinion in which Judges GRAFFEO and READ concur.

Order reversed, etc.